UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-227-1-F
No. 5:11-CV-553-F

| | | |
|---|---|---|
| THOMAS RAY NICHOLS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is back before the court for consideration of three motions. Petitioner Thomas Ray Nichols' ("Nichols") filed a motion to vacate, set aside or correct his conviction and sentence [DE-102] pursuant to 28 U.S.C. § 2255.[1] Shortly thereafter on October 21, 2011, Nichols filed a *pro se* motion [DE-106] seeking an order to show cause and a temporary restraining order ("TRO"), to deflect attempts by the Government to "seize" or "liquidate" the real property that was the subject of the preliminary order of forfeiture [DE-88], and to prevent a transfer of ownership thereof to a third party.[2]

## Motion to Dismiss § 2255 Petition as Untimely

The Government has responded as directed both to Nichols' § 2255 petition and to his motion for injunctive relief in the parallel forfeiture matter. The Government correctly points out that Nichols' § 2255 action is untimely, as it was filed well outside the one-year limitations

---

[1] That motion is deemed to have been filed on the date Nichols delivered it to prison authorities for mailing; in this instance, on October 5, 2011.

[2] Carolina Morales, through counsel, has obtained several extensions of time within which to file a claim in the forfeiture proceedings. Pending an order dispositive of Nichols' motions, the forfeiture proceedings have been stayed [DE-104]. *See* [DE-107].

period provided by statute. Because he did not appeal his conviction or sentence, Nichols' conviction became final on or about February 5, 2011; his § 2255 motion was not mailed until October 5, 2011 — eight months later. *See* Government's Memorandum [DE-111]. Therefore, the Government contends, Nichols' § 2255 action must be dismissed as untimely.

Anticipating the Government's position, Nichols, in drafting his § 2255 motion, impliedly sought equitable tolling of the limitations period by alleging that the delay in filing resulted from his illness and inability to obtain "viable legal assistance or representation," and his mistaken belief that someone else was assisting him to challenge his sentence. *See* § 2255 Motion [DE-102], ¶ 18. Nichols' response [DE-113] to the Government's motion to dismiss [DE-110] the § 2255 action, however, does not address the statute of limitations defect or expound on his contention that the petition should be deemed timely because of his illness and inability to engage an attorney. Rather, the sole focus of Nichols' response to the Government's motion to dismiss the § 2255 action is the forfeiture proceeding, which is the subject of his *separate* motion to show cause and for a temporary restraining order.

In *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549 (2010), the Supreme Court affirmed that equitable tolling applies to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] The *Holland* Court explained that, in order to be entitled to equitable tolling, the movant must show both (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See id.* at 2562. Unfamiliarity

---

[3] Although *Holland* concerned a state prisoner's federal habeas action, its rationale has been applied to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States*, Civ. No. DKC-06-1838/Crim. No. DKC-03-0539, 2011 WL 3511078, n.17 (D. Md. Aug. 9, 2011) (citing *United States v. Terrell*, No. 10-6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010).

with the legal process and lack of representation do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In short, Nichols has not alleged facts on which the court could find the existence of any extraordinary circumstances that might support equitable tolling of the one-year limitations period. Assistance of counsel and/or comprehension of the legal niceties of habeas jurisprudence is not required in order to institute a § 2255 proceeding. In fact, the preprinted forms on which such claims must be submitted to this court contain the following specific instruction as to the manner in which the petitioner is to allege "supporting facts" as to each ground for relief: "(Do not argue or cite law. Just state the specific facts that support your claim)."

The court has carefully reviewed Nichols' § 2255 motion and memorandum in support thereof [DE-102], and his response [DE-113] to the Government's November 1, 2011, motion to dismiss [DE-110] the § 2255 motion. Having done so, the court is constrained to conclude that Nichols' § 2255 action is untimely, as it was filed after the expiration of the one-year statute of limitations governing those actions, and he has not alleged facts that could support a finding of "extraordinary circumstances" for equitable tolling of the limitations period. Accordingly, the Government's motion to dismiss [DE-110] Nichols' § 2255 petition as untimely is ALLOWED and that petition [DE-102] is DISMISSED.

### Nichols' Attack on Forfeiture Judgment and Execution

In response to Nichols's motion for order to how cause and for TRO [DE-106], the Government again correctly contends [DE-109] that Nichols lacks standing, as he lacks any interest in the forfeited property. *See* 18 U.S.C. § 853(c) ("All right, title, and interest in property [subject to forfeiture] vests in the United States upon the commission of the act giving

rise to forfeiture under this section"); Rule 32.2(b)(4) FED. R. CRIM. P.

Nichols pled guilty on October 5, 2009, to a Criminal Information charging conspiracy pursuant to 18 U.S.C. § 371 "to knowingly and willfully transport, transmit, and transfer in interstate commerce, goods, wares, and merchandise of the value of $5,000 or more, knowing the same to have been stolen and converted, in violation of Title 18 United States Code, Section 2314." Nichols' Memorandum of Plea Agreement [DE-38] contained the terms of his understanding with the Government, including his agreement:

> [t]o assist the United States in the recovery and forfeiture of any assets which facilitated and/or were required through unlawful activities, including all such assets in which the defendant has any interest or control. Specifically, the Defendant agrees to voluntarily forfeit and relinquish to the United States the property specified in the Criminal Information. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Criminal Information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms may be ordered destroyed.

*Id.* ¶ 2e. The Criminal Information [DE-23] negotiated between the Government and Nichols, though his retained counsel, describes property to which the parties agreed that Nichols' interest was to be forfeited, which includes but is not limited to:

> (2) personal property seized from THOMAS RAY NICHOLS, on May 24, 2007, consisting of several thousand assorted individually packaged items of over the counter medication such as, but not limited to, Advil, Prilosec, Motrin, Aleve, Pepcid, Zantac, and Tylenol, with a retail value of at least $40,000; and
>
> A 2007 Ford F-150 Truck, VIN: 1FTRF122X7NA03205;
> A 2005 WESTCO TRAILER, VIN: 1W7B2282851006856j;
> A 2005 Bennington FS25 Sedona Pontoon Boat -Hull Number ETW37617E505j;
> A 2001 Chevy Astro Van, VIN: 1GNDM19W51B142506; and
> A 2000 Chevy S-10 Truck, VIN: 1GCCS14W9YK102666.

4

(3) Approximately $1,760,400.00 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853 (p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

On January 22, 2010, Nichols was sentenced [DE-62]; a preliminary order of forfeiture [DE-58] and money judgment [DE-60] in the sum of $1,760,400.00 were entered in favor of the the Government against Nichols and his co-defendant Charles Ray Hawks, Jr., jointly and severally. A final order of forfeiture was entered on June 24, 2010 [DE-77], as to Nichols' personal property listed in the forfeiture section of the Criminal Information. The court entered a preliminary order of forfeiture of *substitute* assets [DE-88] on the Government's motion [DE-86], pursuant to 21 U.S.C. § 853(p)(1) and (2).

According to Rule 32.2 (b)(4), a preliminary order of criminal forfeiture is final as to the defendant at sentencing or at any time prior to sentencing if the defendant consents. In this case, Nichols through his memorandum of plea agreement agreed to the terms of the forfeiture detailed in the Information, and forfeiture thereafter became final as to his interests in the subject forfeitable property. The Government's subsequent seizure and proceedings for the

5

substitute assets was contemplated and provided for in the provisions of the Criminal Information, quoted above.

Because Nichols' interest in the property specified in the forfeiture orders entered herein has been extinguished, he lacks standing to contest the ongoing criminal forfeiture proceedings and his motion for order to show cause and for a TRO must be denied. Accordingly, that motion [DE-106] is DENIED and DISMISSED.

### Stay of Third Party Forfeiture Proceedings

The stay entered imposed by order of October 24, 2011 [DE-104] shall expire on **January 9, 2012**, on or before which time Ms. Morales' shall, if she so desires, file a petition in the ongoing criminal forfeiture matter.

### SUMMARY

For the reasons set for herein and in the interests of justice, it is ORDERED that:

• the Government's motion to dismiss [DE-110] Nichols' § 2255 petition is ALLOWED, and that petition [DE-102] is DISMISSED as untimely;

• Nichols' motion for order to show cause and for TRO [DE-106] is DENIED and DISMISSED for lack of standing; and

• the Stay entered herein by order of October 24, 2011 [DE-107] shall expire on **January 9, 2012**, by which date Ms. Morales shall file her claim, if any. Should no claim be filed in the pending criminal forfeiture proceedings as of that date, the Government is DIRECTED to take appropriate steps to finalize that matter.

The court finds no grounds upon which to issue a certificate of appealability.

Consequently, a certificate of appealability is DENIED.

SO ORDERED.

This, the 23rd day of November, 2011.

_____
JAMES C. FOX
Senior United States District Judge