UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-227-1-F

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          O R D E R
                                  )
THOMAS RAY NICHOLS,               )
               Defendant.         )

The court has received and reviewed the Government's and Thomas Ray Nichols'

respective responses to this court's order of September 26, 2012 [DE-145], and has reexamined

the record in this case in light of those responses and Nichols' allegations contained in his

Motion to Correct Record [DE-138] and Motion for Reconsideration [DE-144].

Nichols' contention that the Government's forfeiture allegations were the result of a

mistake or intentional misrepresentation is based on conjecture and speculation. Nichols

contends that the "$1,760,400.00" figure was in fact a typographical error that in fact was a

reference to the $17,604 balance in a BB&T bank account he held at the time.

The origin of the $1,760,400.00 is explained in Nichols' Presentence Report as follows:

> 18. The investigation further determined that, at a minimum, the Nichols'
> organization operated from May 2005 until May 24, 2007, a total of 108 weeks.
> According to the unprotected statements of Thomas Nichols and Tammy
> Nichols, the organization purchased a conservative average of $5,000 per week
> in stolen products. The retail value of the products was estimated by the
> government to be at least 3.26 times the amount paid by Thomas Nichols.
> Therefore, Thomas Nichols' organization is responsible for a total loss of
> $1,760,400 ($5,000 per week x 108 weeks x 3.26 = $1,760,400).

Presentence Sealed Report at ¶ 18. Accordingly, the record reflects that the figure was

calculated using unprotected information provided by Nichols himself, together with results of

Government investigation. This figure was employed in determining the "economic loss," utilizing the Economic Loss Table, U.S.S.G. § 2B1.1(b)(1)(I), to have been "more than $1,000,000 but less than $2,500,000," in calculating Nichols' advisory guideline range.

Moreover, Nichols' argument that he never would have agreed to bear responsibility for the full loss resulting from the offenses, is belied by the Judgment of Forfeiture, dated January 22, 2010 [DE-59] against Nichols and his co-defendant, Charles Ray Hawks, Jr., *jointly and severally*, in the sum of $1,760,400.00. Legally, each defendant is equally responsible for the full amount of the Judgment, not for a portion thereof.

For the foregoing reasons, Nichols' Motion to Correct Record [DE-138] and Motion to Stay All Proceedings [DE-139] are DENIED.

This is a final order.

SO ORDERED.

This, the 14th day of November, 2012.


_____
JAMES C. FOX
Senior United States District Judge

2